**United States District Court**
For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7

8   LANYARD LEMONT BERRY,                    No. C-12-2210 EMC (pr)

9              Petitioner,

10        v.                                 **ORDER OF DISMISSAL**

11  MAGGIE MILLER-STOUT,

12             Respondent.

13  _____/

14

15                    I.    __INTRODUCTION__

16        Lanyard Lemont Berry has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254

17  to obtain relief with regard to an expired conviction that affects the sentence on a new criminal

18  conviction.  His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4

19  of the Rules Governing Section 2254 Cases In The United States District Courts.

20                    II.   __BACKGROUND__

21        Berry provides the following information in his petition for writ of habeas corpus.  In 1974,

22  he was convicted in Contra Costa County Superior Court of involuntary manslaughter, assault, and

23  unlawful possession of a firearm.  He was sentenced to a five year prison term.  "Two of his

24  convictions were stayed until he completed his sentence for involuntary manslaughter at which time

25  the stayed convictions became permanently stayed."  Docket # 1, p. 5.  He apparently served his

26  California sentence.  In 1996, Berry was convicted in the State of  Washington and was sentenced to

27  life in prison without the possibility of parole.  He currently is serving that sentence in a prison in

28

Airway Heights, Washington.  The Washington court allegedly used the two stayed California convictions for sentence enhancement purposes.

In 2010, Berry filed a motion in the Contra Costa County Superior Court requesting dismissal of the "permanently stayed convictions" from 1974.  *Id.* at 4.  His motion apparently was rejected, as he later filed an appeal in the California Court of Appeal and a petition for review or writ of habeas corpus in the California Supreme Court.

In his federal petition for writ of habeas corpus, Berry asserts that he wants the "permanently stayed convictions [to] be 'formally dismissed' to avoid misinterpretation of the California Law by other Jurisdictions under the Full Faith and Credit Clause for the purpose of three strikes which the sister State of Washington applied and sentenced Berry to life without parole based on Berry's Permanently Stayed convictions out of California."  *Id.* at 5.

### III.   DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition must be dismissed for two separate reasons.  The first reason for dismissal is that the petition does not allege a claim cognizable in a federal habeas action.  The petition suggests at most that the California courts did not grant Berry relief he allegedly was entitled to under California law.  This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   federal court may not grant habeas relief for state law errors.  *Swarthout v. Cooke*, 131 S. Ct. 859,

2   861 (2011).

3          A second and independent reason for dismissal is that Berry is not in custody for the

4   conviction and sentence he is attempting to challenge.  The federal writ of habeas corpus is only

5   available to persons "in custody" at the time the petition is filed.  *See* 28 U.S.C. §§ 2241(c), 2254(a).

6   A habeas petitioner must be in custody under the conviction or sentence under attack at the time the

7   petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  Berry was not in custody for the

8   1974 conviction and sentence at the time he filed his federal petition.  When an expired conviction is

9   used to enhance a current sentence, the expired conviction generally cannot be challenged unless the

10  claim is that there was a failure to appoint counsel in violation of the Sixth Amendment in the

11  expired conviction case.  *See Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 403-04 (2001).

12  Berry does not claim he was denied appointment of counsel in the 1974 case, so he does not fit

13  within the limited exception to the general rule that the expired conviction cannot be challenged.

14         The place for Berry to challenge the use of the 1974 convictions for sentence enhancement

15  purposes for his current sentence would be in a court in the State of Washington.  He already has

16  brought such a challenge, and has been denied relief by the state courts, as well as in the U.S.

17  District Court for the Western District of Washington in *Berry v. Morgan*, W. D. Wash. Case No.

18  C03-3696Z, and the Ninth Circuit in *Berry v. Morgan*, 9th Cir. Case No.  04-35768.

19                          **IV.   CONCLUSION**

20         For the foregoing reasons, the petition is dismissed without leave to amend.

21         Petitioner's application to proceed *in forma pauperis* is GRANTED.  (Docket # 3.)

22         The Clerk shall close the file.

23         IT IS SO ORDERED.

24

25  Dated:  May 22, 2012

26

27                                    _____
                                      EDWARD M. CHEN

28                                    United States District Judge

                                        3